## ROWE v. CUMMINGS et al.
### No. 10707.
United States Court of Appeals

District of Columbia Circuit.

Submitted Dec. 5, 1950.

Decided June 28, 1951.

Louis M. Denit, Washington, D. C., with whom A. Leckie Cox, Thomas S. Jackson and P. Baxter Davis, Washington, D. C., were on the brief, submitted on the brief for appellant. Louis Jongbloet, Washington, D. C., also entered an appearance for appellant.

D. C. Colladay, Washington, D. C., submitted on the brief for appellee Cummings.

Arthur P. Drury, John M. Lynham and John E. Powell, Washington, D. C., entered appearances for appellee National Savings & Trust Co.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a will case. The trustees under the will filed a civil action seeking construction of the will and instructions regarding distribution of income. The only persons having an interest in the matter, the daughter and a grandson of the testatrix, were defendants, and they filed answers to the petition. No issues of fact being tendered, summary judgment was entered instructing the trustees. The present appellant is the daughter, and appellee Cummings is the grandson.

By Item V of her will the testatrix devised the residue of her estate, consisting of a single piece of real estate, in trust, and in nine lettered paragraphs directed the distribution of the income and the principal. The property was then under a lease, which contained a provision for renewal for five years. Three dates are pertinent at this point. The will was executed November 20, 1936. The testatrix died December 2, 1936. The lease on the property would have expired, unless renewed, May 31, 1938.

The testatrix left the grandson "the sum of Two Hundred Dollars ($200.00) a month from the date of my death and until he shall attain the age of thirty (30) years." (Item V(c).) The grandson was due to attain the age of thirty years on April 30, 1949.

The testatrix left her daughter "the sum of Five Hundred Dollars ($500.00) a month, commencing eighteen (18) months from the date of my death and to continue until the day on which the leases now on [the property] shall finally expire." (Item V(d).)

The will provided (Item V(g)): "Unto my said daughter, Lorena Rowe, until the termination of the trusts as hereinafter provided, all of the rest and residue of

said income remaining after provision has been made for the payments specified in paragraphs (a) to (f), inclusive, of this Item, the said rest and residue of income to include all payments which shall lapse by reason of the death of the beneficiaries except as otherwise herein expressly provided." In addition to the monthly amounts just above-mentioned, paragraphs (a) to (f) provided for payments to the mother, granddaughters, nieces, sisters, and grandsons other than appellee Cummings. Those payments were made and are not involved in the present controversy.

The will further provided (Item V(h)): "On the day when the leases now on [the property] shall expire the trusts hereby created shall cease and determine as to one-half (½) of the rest, residue and remainder of my estate and property and my said Trustees shall convey, assign, transfer and deliver such one-half (½) unto my daughter, Lorena Rowe, in fee simple and in absolute estate; * * *." This paragraph further provided that should the daughter die prior to the date mentioned, this one-half share of the residue should be held in trust for her female issue, the income to be paid to them, for twenty years and thereafter be conveyed to them in fee simple, with provisions for part payments of the principal when such issue attained the ages of thirty, forty, and forty-five years.

Then the will provided (Item V(i)): "As to the remaining one-half (½) of the rest, residue and remainder of my estate, one-third (⅓) thereof shall be conveyed, assigned, transferred and delivered, in fee simple and in absolute estate, unto my grandson, C. Kenneth Cummings, Jr., upon attainment by him of the age of thirty (30) years. Upon attainment of the age of Forty (40) years, said C. Kenneth Cummings, Jr., shall receive one-half (½) of the remainder of the principal of said one-half (½) share of the rest, residue and remainder of my estate and the entire balance thereof upon attainment of the age of forty-five (45) years." This paragraph further provided that, in the event the grandson should die prior to the distribution to him of the entire one-half share of the residue, his issue should receive "the distribution of principal herein directed to be made to him, at the times and in the proportions he would have become entitled thereto had he survived". And it further provided that if the grandson should die without issue prior to the distribution to him of the entire one-half of the residue, the entire share or the balance thereof should be held in trust for the benefit of the female issue of the daughter, Lorena, the income to be paid to them, for twenty years after the death of the grandson, Kenneth, and thereafter the principal to be paid to such female issue of the daughter. It should be noted at this point that this paragraph contained no specific provision concerning the distribution of income from this one-half share of the residue, during the existence of the trust, if the grandson, Kenneth, lived to receive the distributions of the principal or if he died leaving issue. In contrast we note that paragraph (h), relating to the half of the residue which was to go to the daughter, contained a specific provision for payment of the income to the issue of the daughter should she die before receiving the principal of her one-half share.

As events transpired, the right to renew the lease was not exercised, but a new lease was executed which terminated on April 30, 1949, the thirtieth birthday of the grandson. The daughter, Lorena, received her $500 a month until that date, and the grandson, Kenneth, received his $200 a month until that date. But there was more income than the $700 per month, and the trust estate continued to earn income after that date. It is agreed that the daughter, Lorena, properly received, or should receive, one-half of the principal of the estate. It is also agreed that the grandson, Kenneth, was entitled to no more than $200 a month until April 30, 1949, when he was thirty years old.

The trustees asked the court to instruct them on two points, (1) as to the disposition of the surplus income above $700 a month accrued prior to April 30, 1949, and (2) concerning the distribution of the income from that portion of the one-half of the principal which they would continue to

hold in trust after April 30, 1949. The trial court directed that the surplus net income accrued prior to April 30, 1949, should be distributed to the daughter, Lorena, and that the net income accruing after April 30, 1949, on that portion of the principal held in trust for ultimate distribution to the grandson, Kenneth, should be distributed to him.

■ The problem, of course, is to ascertain the intention of the testatrix, but if the language of the will is clear the inquiry goes no further.

■ The controlling consideration in the instant case is a combination of two provisions of the will. Paragraph (g), from which we have quoted above, says that "until the termination of the trusts as hereinafter provided," the residue of the income should go to the daughter. Paragraph (i) provides that one-half of the estate should remain in trust until the grandson, Kenneth, reached thirty years of age, that two-thirds of this one-half should remain in trust until he reached forty, and that one-third should remain in trust until he reached forty-five. This paragraph, as we have already noted, says nothing about the distribution of income so long as portions of this share remain in trust, except in the event of the death of the grandson without issue. Those provisions of paragraphs (g) and (i), when combined, clearly read that until the termination of the trust in favor of the grandson the daughter should receive the income, except for the payment of $200 a month to the grandson until he was thirty years old.

Paragraph (g) refers to the "trusts", using the plural, and thus indicates that the testatrix had in mind that she had provided for the termination of more than one trust. And she said that during the existence of those trusts the income remaining after the payments specified in paragraphs (a) to (f) should go to the daughter. The trust for the grandson was one of the trusts, and the termination of that trust "as hereinafter provided" was upon the grandson's reaching thirty, forty and forty-five years of age.

Appellee Cummings strenuously urges that an intention on the part of the testatrix

to the effect that the interest of the daughter should cease when she received her one-half share of the principal, can be gleaned from the will. That would have been a reasonable intention, because, otherwise, the grandson would get no income from the trust estate after he was thirty years old and his $200 a month ceased. The difficulty is that the contrary appears in the language of the will, as we have just pointed out. Moreover, it is not wholly unreasonable to think that the testatrix contemplated that when the grandson was thirty years old he would receive one-third of his share of the principal and, of course, thereafter would be in receipt of whatever income he might derive from that amount of property. If that distributed share were not severed from the remaining principal, by a sale of the trust property and division of the proceeds, the effect of the will as we read it would be the same as though it provided that income from this half of the property should go one-third to the grandson and two-thirds to the daughter until the grandson was forty, and thereafter two-thirds to him and one-third to her until he was forty-five.

Appellee Cummings also says that the construction urged by appellant would require that, if the daughter should die at any time between the expiration of the lease and the receipt by the grandson of the entire half share of the principal, the income from this share would pass as intestate property. He says that the will provides for the disposition of this income upon the death of the grandson but makes no provision for its disposition in the event of the death of the daughter. But in making that contention he apparently overlooked the last sentence of paragraph (g), which is: "In the event of the death of said Lorena Rowe prior to the termination of the trusts as hereinafter set forth, the income which she would have been entitled to receive had she survived shall be paid unto her female issue, *per stirpes.*"

Upon the foregoing considerations, we are compelled to disagree with the conclusion reached by the trial court in respect to the disposition of the net income accruing after April 30, 1949, on that portion of the

trust corpus which the trustees hold for distribution to the grandson, Kenneth, its judgment in that respect being paragraph 1 (b) of its decree. The case will therefore be remanded for entry of a decree in accord with this opinion. For purposes of the remand the judgment before us must be reversed.

Reversed and remanded for further proceedings in accordance with this opinion.